**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DITECH FINANCIAL LLC; FEDERAL NATIONAL MORTGAGE ASSOCIATION, | No. 18-16199 |
| Plaintiffs-Appellees, | D.C. No. 2:17-cv-02164-JCM-GWF |
| v. | |
| SATICOY BAY LLC SERIES 8829 CORNWALL GLEN, | MEMORANDUM* |
| Defendant-Appellant, | |
| and | |
| AMERICAN WEST VILLAGE II OWNERS ASSOCIATION; NEVADA ASSOCIATION SERVICES, INC., | |
| Defendants. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted February 7, 2020**
Pasadena, California

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: BOGGS,*** IKUTA, and LEE, Circuit Judges.

Saticoy Bay appeals from the district court's entry of summary judgment in favor of Ditech Financial LLC and the Federal National Mortgage Association (Fannie Mae). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. This court has already found that 12 U.S.C. § 4617(j)(3), also known as the Federal Foreclosure Bar, preempts Nev. Rev. Stat. § 116.3116(2). *Berezovsky v. Moniz*, 869 F.3d 923, 931 (9th Cir. 2017). Moreover, "the Federal Foreclosure Bar applies to any property for which the [Federal Housing Finance Agency (FHFA)] serves as conservator," so the Federal Foreclosure Bar applies to all of Fannie Mae's property, *id.* at 928, because FHFA serves as Fannie Mae's conservator, *see, e.g.*, 12 U.S.C. § 4617(*i*)(2)(A)(i).

2. Fannie Mae has presented admissible evidence, specifically business records and an employee declaration authenticating those records, that it had a valid interest in the property at issue. We have found that this is enough to establish ownership over the property interest. *See id*. at 932–33 & n.8; *see also U-Haul Int'l, Inc. v. Lumbermens Mut. Cas. Co.*, 576 F.3d 1040, 1044 (9th Cir. 2009) ("It is not necessary for each individual who entered a record of payment

---

*** The Honorable Danny J. Boggs, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

into the database to testify as to the accuracy of each piece of data entered."). Saticoy Bay's arguments that Fannie Mae did not have a valid property interest due to Nevada's statute of frauds and because Fannie Mae did not appear as the deed of trust's record beneficiary are unavailing. *Easton Bus. Opportunities v. Town Exec. Suites*, 230 P.3d 827, 832 n.4 (Nev. 2010) (noting "the general law that, while statute of frauds provisions may 'prevent enforcement against an assignor unless there is a memorandum in writing or some substitute formality, . . . they cannot ordinarily be asserted by third persons, including the obligor of an assigned right'"); *Berezovsky*, 869 F.3d at 932 ("Although the recorded deed of trust here omitted Freddie Mac's name, Freddie Mac's property interest is valid and enforceable under Nevada law.").

3.      Equitable considerations do not require a different result. Saticoy Bay is not a bona fide purchaser because there was constructive notice of an adverse interest to the deed of trust. The deed of trust states on its first page that a "Rider" to the deed of trust is the "NEVADA-Single Family- Fannie Mae/Freddie Mac UNIFORM INSTRUMENT WITH MERS." Moreover, there is no adequate remedy at law for what Fannie Mae seeks: an affirmance that it continues to have an interest in the property at issue. Finally, § 4617(j)(3) gives FHFA protection until it "affirmatively relinquishes it," *Berezovsky*, 869 F.3d at 929, which necessarily precludes implying consent from inaction.

4. Ditech and Fannie Mae request that we admonish Saticoy Bay for taking positions that are irreconcilable with published, on-point decisions. In light of the published cases foreclosing Saticoy's arguments, Saticoy and its counsel are warned not to raise such meritless arguments in the future.

**AFFIRMED**.